IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

JEFFERY L. THOMAS, #158 680     *

    Plaintiff,     *

    v.     *     2:07-CV-254-MEF
                                                                                           (WO)

RICHARD ALLEN,     *

    Defendant.     *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Jeffery Thomas ["Thomas"], a state inmate currently incarcerated at the Fountain Correctional Facility.[1] In this complaint, Thomas challenges actions of state officials with respect to the denial of correctional incentive time under the Alabama Correctional Incentive Time Act ["ACITA"]. *Ala. Code* § 14-9-40, *et seq.*[2] Specifically, Thomas complains that

---

[1] Thomas is imprisoned on a fifteen-year sentence imposed upon him in November of 1998 for a first degree rape conviction. (Doc. No. 1 at pg. 17.) First degree rape is a Class A felony. *Ala. Code* § 13A-6-61(b).

[2] The pertinent portion of the ACITA states that "[e]ach prisoner who shall hereafter be convicted of any offense against the laws of the State of Alabama and is confined, in execution of the judgment or sentence upon any conviction, ... other than for life, whose record of conduct shows that he has faithfully observed the rules for a period of time to be specified by this article *may* be entitled to earn a deduction from the term of his sentence.... ***Provided, however, no person may receive the benefits of correctional incentive time if he or she has been convicted of a Class A felony or has been sentenced to life, or death, or who has received a sentence for more than 15 years in the state penitentiary....***" *Ala. Code* § 14-9-41(a) and (e), subsection (e) as amended by Acts 1991 of the Alabama legislature, No. 91-637 (emphasis added). Prior to the 1991 amendment to § 14-9-41(e), the ACITA granted eligibility for correctional incentive time to inmates not convicted of Class A felonies sentenced to less than 10 years.

the denial of correctional incentive time to him "in the way that [§ 14-9-41(e)] has [been] and [is] still being administered by selective implementation through [officials of] the department of corrections ..." deprives him of his federal constitutional right to due process. (Doc. No. 1 at pg. 5.)  Additionally, Thomas argues that denial of "goodtime credits based solely on the length of his sentence" in accordance with the express provisions of § 14-9-41(e) violates his right to equal protection under the Fourteenth Amendment of the United States Constitution. *(Id.* at pg. 12.)[3]  Thomas also complains that granting eligibility for incentive time deductions to inmates with sentences of 15 years or less violates the Alabama Constitution because it is contradictory to the original purpose of the ACITA and the intent of the legislature in enacting the ACITA.  (*Id.* at pg. 10.)

Thomas names Richard Allen, Commissioner of the Alabama Department of Corrections, as the sole defendant in this cause of action.  He seeks entry of a "declaratory judgment against the defendant(s)" for his illegal amendment of § 14-9-41(e), "thereby conflicting with clear legislative intent of the aforementioned statute" and resulting in the denial of correctional incentive time to him in violation of his constitutional rights. (Doc. No.

---

The court notes that throughout his complaint Thomas erroneously asserts that Defendant enacted the 1991 amendment to the ACITA, when it is clear that the amendment occurred upon passage of an Act by the Alabama legislature.

[3]Although Thomas continually asserts that he is denied eligibility for correctional incentive time based solely on the length of his sentence, these assertions are patently incorrect.  It is clear that under the 1991 amendment to § 14-9-41(e) Thomas' sentence of fifteen years does not bar him from eligibility for correctional incentive time deductions; instead, it is his conviction for a Class A felony which renders him ineligible for such time deductions.

1 at pg. 17.) Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii).[4]

## I. DISCUSSION

It is clear to this court that success on Thomas' challenges to the denial of correctional incentive time would necessarily affect the duration of his present incarceration. Consequently, the claims presented by Thomas are not cognizable in a section 1983 action at this time. *Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973); *Edwards v. Balisok,* 520 U.S. 641 (1997); *Heck v. Humphrey,* 512 U.S. 477 (1994). "[A]ny claim by a prisoner attacking the validity or duration of his confinement must be brought under the habeas sections of Title 28 of the United States Code. *Preiser v. Rodriguez,* 411 U.S. 475, 500, 93 S.Ct. 1827, 1841-1842, 36 L.Ed.2d 439 (1973)." *Calderon v. Ashmus*, 523 U.S. 740, 746-747 (1998). In *Heck*, the Court emphasized that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks ... speedier release, even though such a claim may come within the literal terms of § 1983." 512 U.S. at 481. In *Balisok*, the Court further determined that a prisoner's request for either declaratory relief or monetary damages arising from an action impacting the duration of his confinement that necessarily implies the invalidity of the action taken against the prisoner "is not cognizable

---

[4] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

under § 1983" unless such action has previously been overturned. 520 U.S. at 648. Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id.* at 645. The Court "reemphasize[d] ... that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

The pleadings filed by Thomas establish that the decision to deny him correctional incentive time has not been invalidated in an appropriate proceeding. Thus, the instant collateral attack on the failure of correctional officials to award correctional incentive time deductions to Thomas is prohibited by *Preiser* and its progeny, and such challenge is, therefore, due to be summarily dismissed pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) as Thomas has no cause of action under 42 U.S.C. § 1983 at this time.[5]

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice prior to service of process pursuant to the directives of 28

---

[5]Thomas is advised that if he seeks to challenge the denial of correctional incentive time based on the claims set forth in the instant complaint he may do so by filing a petition for habeas corpus relief under 28 U.S.C. § 2241. Such petition should be filed in the district court within whose jurisdiction he is presently incarcerated. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973); *United States v. Plain*, 748 F.2d 620, 621 (11th Cir. 1984); *Blau v. United States*, 566 F.2d 526, 527 (5th Cir. 1978).

U.S.C. § 1915(e)(2)(B)(ii).[6]

---

[6]In dismissing this case, the court makes no determination with respect to the merits of Thomas' claims for relief. However, the court notes that the ACITA's denial of eligibility for incentive time benefits to inmates who have received sentences of more than 15 years or who have been convicted of Class A felonies "is rationally related to the legitimate purpose of preventing the early release of serious offenders. Therefore, the statute does not violate the equal protection clause or the due process clause." *Thornton v. Hunt*, 852 F.2d 526, 527 (11th Cir. 1988).

The court likewise notes that Thomas' state constitutional claims alleging violations of the purpose of the ACITA and the intent of the Alabama legislature fail to warrant federal relief. The title to Act 80-44 Act reads as follows:

> To establish the "Alabama Correctional Incentive Time Act"; to provide for earned deductions from penitentiary and hard labor sentences and to establish certain criteria therefor; to create classifications for measurement of such deductions and eligibility therefor; to require minimum sentences prior to parole eligibility; to authorize the commissioner of the department of corrections to restore certain portions of such deductions lost; to authorize the commissioner to issue, promulgate and implement such rules and regulations necessary to implement the provisions of this act; to specifically repeal Sections 14-9-1, 14-9-2, 14-9-4, 14-9-20, 14-9-21, 14-9-22, 14-9-23, 14-9-24 and 14-9-25 of the Code of Alabama 1975, and all laws or parts of laws conflicting with this act; to make certain exemptions from the provisions of this act for those persons presently serving as inmates in the penitentiary or at hard labor and for those who are convicted for crimes committed prior to the effective date of this act, so as to provide that such prisoners shall earn deductions from sentences as presently provided by law; and to provide habitual offenders shall not be eligible for any deductions from sentences.

As indicated herein, the 1980 version of § 14-9-41(e), added by the legislature as an amendment to the original bill on which bill the legislature based the Act's title, provided that "no person may receive the benefits of correctional incentive time if he or she has been convicted of a Class A felony or has been sentenced to life, or death, or who has received a sentence for ten years or more in the state penitentiary or in the county jail at hard labor or in any municipal jail." Although not expressed in the title of the ACITA, this provision broadened the scope of the Act as it included habitual offenders, with the exception of those convicted of Class A felonies, in the pool of inmates eligible for correctional incentive time so long as the offender received a sentence of less than ten years. The 1991 amendment to § 14-9-41(e) merely increased the number of inmates eligible to receive incentive time deductions to those individuals not convicted of a Class A felony who had been sentenced to 15 years or less. Thomas asserts that this increase in the pool of eligible inmates changed the original purpose of the ACITA and contradicted the intent of the legislature in violation of Article IV of the Alabama Constitution because the 1991 "amendment allowed the habitual and repeated habitual felony offenders the benefits of receiving goodtime credits and a reduction from their sentence" in express violation of the title of the Act. (Doc. No. 1 at pg. 10.) These challenges provide no basis for relief in this court "because this conduct does not deprive [Thomas] of any rights secured by the laws or constitution of the United States." *Conlogue v. Shinbaum*, 949 F.2d 378, 381 (11th Cir. 1991), *rehearing denied*, 958 F.2d 1081 (11th Cir.

It is further

ORDERED that on or before April 24, 2007, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 11th day of April, 2007.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE

---

1992), *cert. denied*, 506 U.S. 841, 113 S.Ct. 123 (1992). Moreover, in addressing similar challenges to § 14-9-41(e), 1980 Ala. Acts 690, the Alabama Supreme Court determined that such challenges were "not meritorious." *Ex parte Hilsabeck*, 477 So.2d 472, 473 (Ala. 1985).