UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT
NORTHERN DIVISION

2007 APR 23 A 10: 2

Jeffery L. Thomas
PLAINTIFF(S) * CIVIL NUMBER 2:07-CV-254-MEF

*

VS. *

RICHARD ALLEN et.al. *
DEFENDANT(S)

*

*

## OBJECTION TO THE MAGISTRATE RECOMMENDATION TO DISMISS

Comes now the plaintiff(s) Jeffery Thomas , pro se,do asserts the following objection to the magistrate recommendation of dismissing plaintiff(s) complaint. Plaintiff(s) do asserts the following:

## JURISDICTION

28 U.S.C.A. 1331,1343,(a) (4). The District Court shall have Original jurisdiction of all civil actions arising under the constitution, laws, or treaties of the United states.

A state court's inability to grant relief does not bar a federal court's assuming jurisdiction to inquire into alleged deprivation of federal constitutional rights: " 369 U.S. at 236, 82 S. ct. at 720. The Fourteenth amendment means "that no person or class of persons shall be denied the same protection of the laws which is enjoyed by other persons or other classes in the same place and under like circumstances. The general doctrine is that the amendment, in respect of the administration of criminal justice, requires that no different degree or higher punishment shall be imposed on one than is imposed on all like offenses. Moore v. Missouri, 159 U.S. 673, 40 L. ed 301 (1895).

"Judicial inquiry under equal protection clause, therefore, does not

end with a showing of equal application among the members of the class defined by the legislation. The courts must reach and determine the question whether the classification drawn in a statute are reasonable in light of its purpose. **McLaughin v. Florida,** 379 U.S. at 191 85 S. ct. 288.

Every person who under the color of any statute, ordinance, regulation, custom or usage of any state or territory, subjects, or causes to be subjected, any citizen if the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the constitution and laws, shall be liable to party injured in an action at law suit in equity, or other proceeding for redress. The District Court shall have original jurisdiction of any civil action authorized by law to be commenced by any person: Monroe v. Pape, 5 L ed 2d 492.

The prisoner(s) pleading states causes of action under federal civil rights statutes for deprivation of constitutional rights by prison officials.

Equal protection prohibits states and their political subdivision from treating similarly situated citizens differently. **Romer v. Evans,** 517 U.S. 620, the degree of protection varies according to the class of persons discriminated against or the interest that the classification compromise, **City of Clebrune v. Cleburne Living Ctr.,** 473 U.S. 432.

The Magistrate do not argue that the plaintiff(s) fails to state a valid equal protection claim, therefore, plaintiffs equal protection claim remains. **Osborne v. Folmar,** 735 F. 2d 1316 (11th cir. 1984).

The plaintiff(s)______________________, is similarly situated with other prisoners, who were given earlier tenative release dates, and (2) Defendants have engaged in invidious discrimination against plaintiff(s) based upon their membership in a constitutionally protected class.

The plaintiff(s) equal protection claim is to be a challenge to the denial of incentive goodtime entitlement and its process... The plaintiff(s) also request a change in the department of corrections procedures which doesn't comply with legislative intent in passing **80-446** (C. I. T.) so that he may be properly considered fairly for incentive goodtime.

The question before this court concerns not the loss of goodtime, not not the restoration of good time credits, but, the constitutionality of acts 80-446 through the vehicle of the "MaDonald Amendment" of the alabama law, which denies state prisoners goodtime, and improper classification in the way it has been administered by prison officials, without a penological reason. Plaintiff(s) states that, disallowing such credit to them while permitting credit up to the full period for other inmates who are similary situated denied to him equal protection of the law. McGinnis v. Royster, 35 L ed 2d 282 (1973). The plaintiff(s) asserts that, dismissal of a complaint is appropiate "only" if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, Blackston v. Alabama, 30 F 3d 117 (11th cir. 1994) on a motion to dismiss the court must accept as true all facts alleged and draw all inferences therefrom in the light most favorable to the plaintiff. Hunnings v. Texaco, Inc. 29 F. 3d 1480 (11th cir 1994) a very low sufficiency threshold is necessary for a complaint to survive a motion to dismiss. Ancata v. Prison Health Serv., Inc., 769 F. 2d 700,703 (11th cir. 1985) , moreover, a complaint should not be dismissed for failure to state a claim upon which relief can be granted "unless" it appears beyond doubt that the plaintiffs can prove no set of facts in support of his claim which would entitle him to relief.

Substantive due process applies when a plaintiff challenges the validity of a legislative act. Typically, a legislative act will withstand substantive due process challenge if the goverment "Identifies" a legitimate state interest that the legislature could rationally conclude was served by statute. Alexander v. Whitman, 227 F 3d 133 (3rd cir. 2000). Frazier v. Manson, 703 F. 2d 30 (1983), in applying the rational basis test to determine whether the discriminatory classification under attack serves some legitimate purpose.

Claims attacking the parole decision process have not been construed as attacks on a prisoner's confinement and have therefore been permitted to proceed under section 1983. Citing from Parisie v. Mums, 873 F. Supp. 1560, Williams v. McCall, 531 F. 2d 1247 (5th cir. 1976) similarly, in Gwinn, supra, the eleventh circuit construed a section 1983 plaintiff(s) equal protection claims to be challenged to the parole decision process, and thus refused to dismiss it for failure to exhaust state remedies. This claim for prospective injunctive relief could properly be brought under section 1983 "because a decla-

ration of unconstitutionality of a state administrative action. The plaintiff(s) vehemently objects to the magistrate recommendation to dismiss complaint because it is misplaced and without substance. The magistrate cites "Preiser and its progency for authority in dismissing plaintiff(s) complaint when in fact, Preiser' is attacking the validity or duration of their confinement based on loss of good-time credits pursuant to a disciplinary infraction. The plaintiff(s) are attacking a constitutional challenge to the conditions of their prison life based on the procedure(s) use to deny goodtime credits. Plaintiff(s) are made to work without any deductions from their sentences when it is clear from the law (80-446), that prisoners were to receive some deduction off their sentences based on their behavior and work ethics. It is clear that, in 'Preiser', supra, these inmates were deprived of their credit deductions as a result of disciplinary proceedings, and they sought injunctive relief to compel restoration of the credits which would ultimately release them from confinement... This case simply has no standing in plaintiff(s) complaint. The plaintiff(s) were constitutionally given goodtime reduction by law (see acts 80-446), but are being categorically denied this right... without disciplinary proceeding.

CONTINUED OBJECTION TO MAGISTRATE RECOMMENDATION

The magistrate recommendation alleges **(in his footnote)** that the plaintiff(s) amended complaint alleges that the commissioner amended 80-446 from 10 years to 15 years in 1991. The plaintiff(s) does not refute this, the plaintiff(s) stated this because, it is very hard to believe that the legislature passed this act knowing that they had recently passed this same act with amendments denying inmates with 10 years or more, class "A" felony(s) and those who received a sentence in the class "A" felony range, and stated reasons why. The plaintiff(s) asserts that, it doesn't matter who "purportedly" passed the 1991 amendment or how it was "allegedly" passed... it went against legislative intent and allowed serious offenders to receive goodtime credits thereby denying other prisoners the equal protection of law to be treated the same way. The magistrate theory that this act passed in the legislature, is only " a barebone" assumption; the prerequisite of its passage can only be proved by the legislative journals, and not by its "enactment or codification.

The plaintiff(s) further objects to the magistrates recommendation of dismissing this complaint, because it is clear that the magistrate is basing his recommendation **(by inserting it in a footnote)** on prior law and rulings which cannot be submitted to refute the merits of this complaint. The magistrate cited, and mis-quoted **Thornton v.Hunt,** 852 F. 2d 526, 527 (11th cir. 1988), and has purposely changed the 10 years in this ruling to 15 years in an attempt to try and change the legislature prior decision that stated...10 years or more are serious offenders and should not be entitled to goodtime.

The plaintiff(s) further objects to the magistrates recommendation of dimissing this complaint, because, he furthers bases his recommendation on prior rulings found in **Conlogue v. Shinbaum,** 949 F. 2d 378, 382 (11th Cir. 1991). The plaintiff(s) asserts that, this ruling should have never been apart of the magistrate decision (not even in his footnotes) because, at the time this case was decided, prisoners goodtime was governed by an administrative regulation that was in the discretion of the department of correction. The court ruled in that case, that, the administration regulation was not law and the inmate did not show a claim... however, the plaintiff(s) states that "80-446" is "purported" to law... and law is not discretionary.

Plaintiff(s) further asserts that, if this law (80-446) was discretionary, we would still retain a claim under the way its being applied under abuse of discretion, and equal protection under the U.S.C.A. 14.

In the furthering of the plaintiff(s) objection to the magistrate recommendation to dimiss the complaint, the plaintiff(s) will like to point out a ruling that the magistrate dilberately stay away from, and the very dishonest attempt to protect those who "allegedly" passed this law that is literally violating prisoners constitutional rights, and at the same time, endangering every child and person that cannot protect themselves from a dangerous assault by giving these prisoners incentive goodtime. In Brooks v. State, 622 so 2d 447, Judge Bowen, stated "The minimum sentence for a class "A" felony is 10 years, Alabama Code 1975, § 13A-5-6, class "A" felonies...are...ineligible for goodtime because the legislature obviously deemed the nature of their offenses too serious to merit the benefits of goodtime sentence reduction. It is reasonable to assume that legislature deemed that class "A" felonies, and those with 10 years or over were too serious to merit the benefits of goodtime reduction... then why, in "Brooks" supra, did the legislature, in 1991, raised the eligibilty for good time reduction from 10 years to 15 years? The legislature made it be known prior to "Brooks", that, class "A" felonies, and sentences that are 10 or more years should not get beneficial treatment because their crimes are deemed to be too serious, so why the raise? Didn't the legislature knew that the raise would only help child sexual predators, and prisoners with violent assault cases, also, didn't the legislature knew that such a raise would go directly against their original intent concerning the **seriousness of offense and length of sentence?** didn't the legislature know that this standard would no longer be applicable to any inmate anymore? Consequently, subsection (e) of § 14-9-41 should have "went out the window when "Brooks" proved that subsection (h) in the same statute was deemed unconstitutional in its application. The plaintiff(s), in furtherance of their objection to the magistrate order, would like to point out that the magistrate seems to assert that, prisoners are governed by the statutory codification of § 14-9-41 (e), when in fact the plaintiffs are serving time under the legislature enactment of 80-446 which in its entitlement, clearly used mandatory and not discretionary language for the implementation of goodtime reductions.

The plaintiff(s) asserts that, § 14-9-41 (e) is not law, but rather, a senate bill that did not go through the proper procedures to become law, this is a common pratice in that part of the government see: **Ex parte Coker,** 575 so 2d 43. See also: **The legislative - equivalency doctrine.** So the plaintiff(s) asserts that, to dimiss this complaint, would allow statutory codification to control over cleary legislative enacted law (80-446).

The plaintiff(s) objects to the magistrate recommendation of dismissing the complaint because his recommendation is baseless. The magistrate is of the opinion of the "so called" rationale (theory) behind the justification of an individual being sentenced to a longer sentence determines that the individual(s) is a more serious offender and should be denied early release which entails being denied the incentive good time process. That rationale would disgust itself as being legitimacy of not violating the equal protection clause, or the due process clause. This rationale would in itself at the orgin of its creation through legislature, would render the law enacted unconstitutional violation of the 14th amendment. **McLaughlin v. Florida,** 379 U S at 191 85 S. ct. at 288. **Moore v. Missouri,** 159 U S 673 at 678, **Brooks v. State,** 622 so 2d 447 ( Ala. Cr. App. 1993). **Falkner v. State,** 586 so 2d 39 46 (Ala. Cr. App. 1991). Finally, with due respect to the magistrate, what purpose would law makers, judges, and other governmental function serve if this rationale that you recommended from old law which was uncovered and defeated, would serve if the acting authors that presided in such seats of power only usedthis "so called" rationale to justify triumping upon the constition of the United States which this country is governed by for its citizens whether incarcerated or not, this golden rule the constitution is guaranteed. Merits of claim(s) and jurisdiction are obvious to the rules of law.

**DONE THIS THE** 17th **DAY OF** April **2007.**

Jeffery Thomas

**PLAINTIFF(S)**

Jeffery L. Thomas
A.I.S. 158680
Fountain 3800
Atmore, AL 36503




United States District Court
P.O. Box 711
Montgomery, Alabama 36101-0711

